UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LASSWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. EDCV 07-1287 AGR<br><br>MEMORANDUM OPINION AND ORDER |

    Charles Lasswell filed this action on October 15, 2007. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before Magistrate Judge Rosenberg on October 31 and November 15, 2007. On May 30, 2008, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

    Having reviewed the entire file, the Court remands this matter to the Commissioner for proceedings consistent with this Opinion.

///

///

///

///

**I.**

**PROCEDURAL BACKGROUND**

On July 22, 2005, Lasswell filed an application for disability insurance benefits, which the Commissioner denied. A.R. 10. The Administrative Law Judge ("ALJ") conducted a hearing on February 15, 2007, at which Lasswell testified. A.R. 145-163. On June 20, 2007, the ALJ issued a decision denying benefits. A.R. 7-17. On August 16, 2007, the Appeals Council denied Lasswell's request for review. A.R. 3-5.

This lawsuit followed.

**II.**

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

**III.**

**DISCUSSION**

**A.    Disability**

"A person qualifies as disabled, and thereby eligible for such benefits, only

if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and internal quotation marks omitted).

### B. The ALJ's Findings

Lasswell had the following severe impairments: "mild obstructive pulmonary disease, degenerative disc disease of the lumbar spine, and mild hearing loss in the right ear. A.R. 16. Lasswell had the following residual functional capacity ("RFC") during the closed period of alleged disability: "sitting without restriction; standing and walking for about 6 hours total in an 8-hour workday with normal breaks; lifting and carrying 10 pounds frequently and 25 pounds occasionally; should avoid being exposed to fumes, dust, biological and chemical hazards; and, no postural or manipulative restrictions." *Id.* Based on his residual functional capacity, Lasswell could not perform his past relevant work, but could perform "the full range of light work." *Id.* "[A] finding of "not disabled" is directed by Medical-Vocational Rule 202.11. A.R. 17.

### C. Consultative Examiner Jagvinder Singh

On October 13, 2005, Lasswell saw Dr. Singh, a State agency examining internist. A.R. 102-106. Singh reviewed no medical records. A.R. 102. Singh diagnosed Lasswell with "[p]ossible obstructive pulmonary disease" and hearing loss. A.R. 105. Singh said he did not "know the extent of his [pulmonary] disease" and recommended "[f]urther evaluation by spirometry."[1] A.R. 106. Singh also noted that Lasswell had hearing loss because Singh "had to speak

---

[1] Spirometry lung function tests were subsequently performed on October 27, 2005. A.R. 107.

louder to carry on the conversation."[2]  A.R. 103.  Based on his exam, Singh found that Lasswell could "stand and walk for about 6 hours.  Sitting with no restrictions.  Assistive device none.  He would be able to lift and carry occasionally and frequently 25 and 10 pounds.  [¶] Posturally and manipulatively there are no restrictions.  Environmentally, the patient should avoid being exposed to fumes, dust, biological and chemical hazards and also should not work where good hearing is required."  A.R. 106.

The ALJ reviewed Singh's findings.  A.R. 12.  He found Singh's "statements are well reasoned and consistent with the record as a whole."  The ALJ stated that "Dr. Singh's opinion with respect to the severity of the claimant's impairments is given great probative weight."  A.R. 13.

Lasswell states that the ALJ "completely left out" the work restrictions Singh articulated.  JS 3.  Lasswell also argues that the ALJ "never specifically accepted or rejected any specific limitations."  *Id.*

Contrary to Lasswell's assertion, the ALJ set forth Singh's proposed work restrictions in full.  A.R. 12.  With the exception of the hearing restriction, the ALJ adopted all of Singh's restrictions in the ALJ's RFC.  A.R. 16.  The record did not support a hearing restriction based on a State medical consultant's subsequent evaluation of the medical records in November 2005 and his report of a telephone conversation on November 3, 2005, with Lasswell.  A.R. 13, 135.  As the ALJ noted, the consultant called Lasswell about his hearing loss, and Lasswell told him that he could "hear with the left ear.  He can carry (sic) the conversation as long as he turn (sic) his left ear to the direction of the speaker."  *Id.*  The consultant also noted that he did not have to raise his voice on the phone for

///

///

---

[2]  At the same time, Singh stated that Lasswell was "able to perceive a whisper."  A.R. 105.

4

Lasswell to hear him.[3]  A.R. 13, 135.  In the Physical Residual Functional Capacity Assessment, Lasswell had no "communicative limitations" based on Lasswell's "statement about his hearing problem" on November 3.  A.R. 140.

The Ninth Circuit rejected a requirement that the ALJ "recite the magic words, 'I reject Dr. Fox's opinion about the onset date because . . . .'" *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).  "As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion." *Id.*  It is clear from the decision what the ALJ accepted from Singh's opinion, what he did not accept, and why.  Lasswell's argument that ALJ rejected Singh's opinion "without discussion" is incorrect.  The ALJ did not err.

### D.   The State Agency RFC

As noted earlier, a State agency physician completed an RFC in November of 2005.  A.R. 136-143.  The physician found that Lasswell should avoid "concentrated exposure of fumes, odors, dusts, gases, poor ventilation, etc." A.R. 140.  Lasswell complains that the ALJ ignored these limitations "without an explanation."  JS 6.

The ALJ expressly adopted these findings in his own RFC.  A.R. 16.  In fact, the ALJ's finding was effectively more restrictive because it omitted the qualifier "concentrated."  A.R. 16, 140.  An ALJ is required to set forth specific and legitimate reasons supported by substantial evidence in the record only when the ALJ **rejects** a physician's opinion.  *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

Lasswell's argument is meritless.  The ALJ did not err.

### E.   Lasswell's Mental Impairment

At Step Two of the sequential analysis, the claimant bears the burden of demonstrating a severe, medically determinable impairment that meets the

---

[3] Lasswell also testified that he could hear the ALJ "all right."  A.R. 154.

5

duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). To satisfy the duration requirement, the severe impairment must have lasted or be expected to last for a continuous period of not fewer than 12 months. *Id.* at 140.

> Your impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms.

20 C.F.R. § 404.1508; 20 C.F.R. § 416.908. "[T]he impairment must be one that 'significantly limits your physical or mental ability to do basic work activities.'"[4] *Yuckert*, 482 U.S. at 154 n.11 (quoting 20 C.F.R. § 404.1520(c)); *Smolen*, 80 F.3d at 1290 ("[A]n impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities.") (citation and internal quotation marks omitted).

"An impairment or combination of impairments may be found 'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005) (emphasis in original, citation omitted). Step Two is "a *de minimis* screening device [used] to dispose of groundless claims" and the ALJ's finding must be "'clearly established by medical evidence.'" *Id.* at 687

---

[4] The ability to do basic work activities includes "physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling," "capacities for seeing, hearing, and speaking," "understanding, carrying out, and remembering simple instructions," "use of judgment," "responding appropriately to supervision, co-workers, and usual work situations," and "dealing with changes in a routine work setting." *Yuckert*, 482 U.S. at 168 (internal quotations omitted); *Smolen v. Chater*, 80 F.3d at 1273, 1290 (9th Cir. 1996).

6

(citations and internal quotations omitted). "[T]he ALJ must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone was sufficiently severe." *Smolen*, 80 F.3d at 1290 (citations omitted). The ALJ is also "required to consider the claimant's subjective symptoms, such as pain or fatigue, in determining severity." *Id.* (citations omitted). The Commissioner does not consider age, education, and work experience. 20 C.F.R. § 404.1520(c).

At Step Two, the ALJ found that Lasswell did not have a mental impairment during the closed period of alleged disability, January 14, 2004, through October 1, 2006. A.R. 14. "[T]he record contained no evidence of treatment for, or even reported symptoms of, depression or any other mental illness." *Id.*

Lasswell argues that the ALJ erred in failing to rate his mental impairment. JS 8. At the hearing, Lasswell testified his depression was moderate, he was depressed all the time, he had problems with concentration and memory, but he had never considered suicide.[5] A.R. 154-155.

However, subjective testimony alone cannot establish a mental impairment. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) ("'the regulations further provide that under no circumstances may the existence of an impairment be established on the basis of symptoms alone'") (quoting Social Security Ruling ("SSR") 96-4p[6]). *Ukolov* noted "the importance of objective medical evidence to a determination of disability." *Id.* Absent evidence of objective medical findings, Lasswell cannot establish a mental impairment at step 2 of the sequential analysis. *See id.*

---

[5] The hearing took place on February 15, 2007, which was outside of the closed period of disability for which Lasswell was seeking benefits.

[6] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (footnotes omitted).

7

Lasswell submitted no medical records that support a diagnosis of, or treatment for, depression. The ALJ inquired whether Lasswell needed time to submit additional medical records. A.R. 147. Counsel for Lasswell declined. A.R. 148. Because there was no medical evidence that Lasswell had a medically determinable mental impairment, the ALJ had no duty to rate Lasswell's alleged mental impairment. *See* 20 C.F.R. § 416.920a(b) (regulations applicable "[i]f we determine that you have a medically determinable mental impairment(s)").

Lasswell argues that a person who claims a mental impairment need not submit any medical records because "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation" or because "depression is one of the most underreported illnesses in the country." JS 10; *see Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996). However, *Nguyen* is not on point. In *Nguyen*, the Ninth Circuit held that the ALJ erred in failing to give "specific, legitimate reasons" for rejecting an examining psychologist's opinion. *Id.* The court noted that the ALJ could not reject the psychologist's opinion simply because the claimant did not seek treatment for his "mental disorder until late in the day." *Id.* at 1465. Neither *Nguyen*, nor any of the other cases Lasswell cites, stand for the proposition that a claimant's burden to establish a mental impairment is reduced to nothing more than his own testimony at the hearing with no supporting medical findings. The ALJ did not err.

### F.     Vocational Guidelines

At Step Five, the Commissioner bears the burden of demonstrating there is other work in significant numbers in the national economy the claimant can do. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). If the Commissioner satisfies this burden, the claimant is not disabled and not entitled to disability benefits. If the Commissioner cannot meet this burden, the claimant is "disabled" and entitled to disability benefits. *Id.*

"There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can do: (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." *Lounsburry*, 486 F.3d at 1114. "Where a claimant suffers only exertional limitations, the ALJ must consult the grids. Where a claimant suffers only non-exertional limitations, the grids are inappropriate, and the ALJ must rely on other evidence. Where a claimant suffers from both exertional and non-exertional limitations, the ALJ must consult the grids first." *Id.* at 1115 (citations omitted). However, "the grids are inapplicable when a claimant's non-exertional limitations are sufficiently severe so as to significantly limit the range of work permitted by the claimant's exertional limitations." *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007) (citation and internal quotation marks omitted).

Here, the ALJ found that Medical-Vocational Rule 202.11 dictated a finding of "not disabled" because Lasswell could "perform the demands of the full range of light work." A.R. 15; *see* 20 C.F.R. pt. 404, subpt. P, app. 2, table no. 2. Lasswell argues that two non-exertional limitations – the hearing impairment and the environmental limitation – required the ALJ to consult with a vocational expert. JS 11.

With respect to the hearing loss, although the ALJ found it to be a severe impairment at Step Two, he did not find it sufficiently severe to include in the RFC. A.R. 16; *see Hoopai*, 499 F.3d at 1076 ("The step two and step five determinations require different levels of severity of limitations such that the satisfaction of the requirements at step two does not automatically lead to the conclusion that the claimant has satisfied the requirements at step five."). In addition, as discussed in Section III.C above, Lasswell's hearing loss was restricted to only one ear and did not significantly affect his ability to hear other people. A.R. 105, 135, 140; *see Dedeian v. Astrue*, 2008 WL 943168, *5 (E.D.

9

Wash. 2008) ("on examination, Dr. Price reported Plaintiff was able to hear him in normal conversation without a hearing device"). Accordingly, consultation with a vocational expert was unnecessary with respect to Lasswell's hearing impairment. *See Hoopai*, 499 F.3d at 1076.

However, the environmental limitation was included in the ALJ's RFC. The Commissioner does not dispute that the environmental limitation is non-exertional. "Inability to tolerate dust or fumes is one example given in the guidelines of an environmental restriction not factored into the Rules." *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). "[T]he Guidelines are not determinative of disability where, as here, a claimant cannot tolerate dust, fumes, or heat." *Id.*

Nevertheless, a non-exertional limitation does not automatically preclude application of the grids unless the limitation "significantly limit[s] the range of work permitted by his exertional limitations." S*ee Desrosiers v. Secretary of Health and Human Servs.*, 846 F.2d 573, 577 (9th Cir. 1988).

Accordingly, the ALJ erred in stating that "the record shows solely exertional limitations." A.R. 15. The matter must be remanded at Step Five. On remand, the ALJ must first determine whether Lasswell's environmental limitation is sufficiently severe so as to significantly limit the range of work permitted by his exertional limitations. *Hoopai*, 499 F.3d at 1075-76. Based on that finding, the remainder of the ALJ's analysis at Step Five should be guided by the principles in *Hoopai*.

## IV.

## ORDER

IT IS HEREBY ORDERED that the Commissioner's decision is remanded at Step Five so the ALJ may properly address Lasswell's non-exertional environmental limitation.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: September 19, 2008

*Alicia G. Rosenberg*

ALICIA G. ROSENBERG
United States Magistrate Judge